# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>GIOVANNI ISAI RAMIREZ REYES | Case No.<br>6:24-cr-231-WWB-RMN |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Giovanni Isai Ramirez Reyes' Motion for Pretrial Determination of Question of Law and, Separately, Motion to Dismiss the Indictment (Dkt. 32), filed December 27, 2024. The United States filed a response in opposition. Dkt. 36. The motion has been referred to me for review and preparation of a report and recommendation. *See* 28 U.S.C. §§ 636(b)(1)(A)–(B). Upon consideration, I respectfully recommend the Court deny the motion.

### I. BACKGROUND

While attending a soccer game in Orlando, Ramirez threw two flares into a crowd and fled. Dkt. 32 at 5. The flares allegedly injured a young girl and damaged the stadium. Dkt. 36 at 4–6. An investigation ensued. Almost seven months after the game, a federal grand jury indicted Ramirez for maliciously damaging the stadium by

means of fire and causing personal injuries in violation of 18 U.S.C. § 844(i). *See* Dkt. 1.

Ramirez now moves for a pretrial determination of a question of law and, alternatively, to dismiss the indictment. Dkt. 32.

## II. ANALYSIS

I will first address Ramirez's motion for a pretrial determination and then his motion to dismiss the indictment.

### A. Motion for a Pretrial Determination

Federal Rule of Criminal Procedure 12(a) permits a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Ramirez is charged with violating the federal arson statute, 18 U.S.C. § 844(i). Dkt. 1. To support a conviction under the statute, the government must establish that a defendant (1) maliciously damaged or destroyed, (2) by means of a fire or an explosive, (3) a building, vehicle, or other real or personal property (4) used in interstate or foreign commerce or in an activity affecting interstate or foreign commerce. *See, e.g.*, *United States v. Morrison*, 218 F. App'x 933, 940 (11th Cir. 2007).

Ramirez asks the Court to hold, as a matter of law, that the statute charged incorporates a *de minimis* defense to the first element. Dkt. 32 at 7–13. The United States contends the statute does not incorporate the *de minimis* rule. Dkt. 32 at 11–13. Though the parties' arguments span more than forty pages, neither Ramirez nor the United States cites or discusses the most pertinent opinion from the Eleventh Circuit.

In *United States v. Mock*, 523 F.3d 1299, 1301 (11th Cir. 2008), the Eleventh Circuit affirmed a jury verdict convicting a defendant of fourteen counts of arson. At trial, the government demonstrated that the defendant set fires in the stairwells of fourteen apartment buildings. *Id.* According to the court, "most of the fires were rather small and caused only *de minimis* damage," but two "blazed out of control, causing substantial damage." *Id.* In other words, the court recognized that twelve convictions were based on a showing of only *de minimis* damage to property. *Id.* And yet, it affirmed the convictions and rejected the defendant's challenges. *Id.*

Though *Mock* arguably may not be controlling, it shows that a panel of the Eleventh Circuit recognized that a conviction under the federal arson statute may be based on only *de minimis* damage. That guidance persuades me that the United States has the better argument.[1]

---

[1] I respectfully recommend the Court reject the government's argument that the federal arson statute requires no damage at all. Dkt. 35 at 13. True, the statute permits a conviction based on an attempt. *See* 18 U.S.C. § 844(i). But because the United States has not charged Ramirez with attempted arson, *see* Dkt. 1, its arguments must rest on the statute's "maliciously damaged or destroyed" element. Further, accepting the government's no-damage-at-all argument would effectively relieve the United States from its burden to prove that element beyond a reasonable doubt at trial. *See United States v. McLean*, 802 F.3d 1228, 1230 (11th Cir. 2015) ("To protect against the infringement on the inherent powers of the states by federalizing traditional state offenses, the government is required to prove beyond a reasonable doubt each element of a criminal offense . . . .") (citation omitted). For these reasons, I find the no-damage-at-all argument unsound.

In any event, the only reason to decide this issue now would be to rule on the motion to dismiss the indictment brought in the alternative. As discussed below, the Court can assume that more than *de minimis* damage is required when resolving that motion.

### B.     Motion to Dismiss Indictment

Ramirez also moves to dismiss the indictment. Federal Rule of Criminal Procedure 12(b) permits a defendant to move to dismiss a charge for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). When ruling on such a motion, "a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphasis in the original) (reversing trial court's dismissal of an indictment charging the defendants with mail fraud and conspiracy to launder proceeds of mail fraud). In judging the sufficiency of the indictment, the allegations in an indictment are treated as true. *See United States v. Fitapelli*, 786 F.2d 1461, 1463 (11th Cir. 1986).

At this stage, the Court's role is limited to determining whether the indictment is legally sufficient. A legally sufficient indictment must (1) present the essential elements of the charged offense, (2) notify the accused of the charges against him, and (3) enable the accused to rely on a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. *See United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir. 2009). The Eleventh Circuit has repeatedly made the point that, unlike the rules governing civil cases, the Federal Rules of Criminal Procedure contain no mechanism for a pre-trial determination of the

sufficiency of the evidence, and motions seeking such relief in criminal cases are improper. *See, e.g.*, *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam).

Even assuming the statute requires a showing of more than *de minimis* damages, the Court should deny the motion. The Indictment tracks the language used in 18 U.S.C. § 844(i), asserting Ramirez "maliciously damage[d], by means of fire, a building and property used in an activity affecting interstate and foreign commerce." Dkt. 1 at 1. The factual allegations of the Indictment thus address each element of the charged offense. *See United States v. Morrison*, 218 F. App'x at 940. The indictment also sufficiently apprises Ramirez of the charge and enables him to raise a double jeopardy defense to future prosecutions, and so dismissal is unwarranted. *See United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006).

The argument that the United States must show more than *de minimis* damages does not undermine the validity of the charge. The Indictment need only "be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (quoting *Russell v. United States*, 369 U.S. 749, 765 (1962)). The Indictment does this by apprising Ramirez that he is being charged with maliciously damaging by means of fire a building and property. These factual allegations implicitly include the allegation that Ramirez caused more than *de minimis* damage. Dismissal is therefore unwarranted.

## III. RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** that the Court **DENY** Defendant Giovanni Isai Ramirez Reyes' Motion for Pretrial Determination of Question of Law and, Separately, Motion to Dismiss the Indictment (Dkt. 32).

### Notice to Parties

A party may serve and file specific written objections to a magistrate judge's findings and recommendations "[w]ithin 14 days after being served with a copy of [a report and recommendation]." Fed. R. Crim. P. 59(b)(2). Failure to file a timely objection in accordance with Rule 59(b) "waives a party's right to review." *Id.*; *see also* 11th Cir. R. 3-1 (a party who is informed of the period for filing objections and fails to do so waives the right to challenge the district court's order). Furthermore, a party who fails to object to a specific portion of a report and recommendation waives the right to challenge the district court's order as to that portion. *United States v. Perkins*, 787 F.3d 1329, 1343 (11th Cir. 2015).

**ENTERED** in Orlando, Florida, on January 21, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:
Counsel of Record