**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **ORAL ARGUMENT REQUESTED** |
| Plaintiff, | **EVIDENTIARY HEARING REQUESTED** |
| v. | Case No. 6:24-cr-231-WWB-RMN |
| GIOVANNI ISAI RAMIREZ REYES, | |
| Defendant. | |

**DEFENDANT'S OBJECTIONS TO**
**REPORT AND RECOMMENDATION ON PRETRIAL MOTIONS**

Defendant Giovanni Isai Ramirez Reyes ("Mr. Ramirez") objects to the Report and Recommendation ("the Report") on his Motion for Pretrial Determination of Question of Law and, Separately, Motion to Dismiss Indictment.[1]  (Docs. 36, 40.)  Because Mr. Ramirez has made timely and specific objections, the Court must review the Report *de novo* without giving any weight to the Report's conclusions.  28 U.S.C. § 636(b)(1).

Mr. Ramirez's pretrial motions pose a simple question: Does the federal arson statute, 18 U.S.C. § 844(i), incorporate the principle of *de minimis non curat lex* ("*de minimis*") as a matter of law?  This question "implicates a significant and deliberate limitation on federal power."  Mike Fox, *How DOJ Turned Flares of Joy into a Cry for Help*, Cato Institute (Jan. 8, 2025), https://www.cato.org/blog/how-doj-turned-flares-joy-cry-help.  The answer to the question should be yes based on the text of the statute, Supreme Court precedent, legislative history, basic principles of federalism, and the rule of lenity. The Report does not address any of these arguments.  Instead, the Report relies on *dicta*

---

[1] Mr. Ramirez will refer to the Motion for Pretrial Determination of Question of Law as the "First Motion" and the Motion to Dismiss Indictment as the "Second Motion."

1

from an introductory paragraph to an Eleventh Circuit opinion, which the Report acknowledges "may not be controlling." (Doc. 40 at 3.)  The Report also erroneously claims that "the only reason to decide this issue now would be to rule on the motion to dismiss the indictment brought in the alternative." (*Id.* at 4.)  That is not true; as Mr. Ramirez pointed out, the Court should at least rule on the First Motion "because it is a pure question of statutory construction and will have a significant impact on the remainder of the case." (Doc. 32 at 23.)  Mr. Ramirez will present a *de minimis* defense to the jury even if the merits of that defense are not decided now.  No good cause exists to defer a ruling on a question of law that will impact discovery, trial preparation, and witness selection.  Fed. R. Crim. P. 12(d).  The Report's analysis of the Second Motion is also erroneous.  The Report overlooks the parties' joint stipulation and precedent allowing courts to rely on stipulated facts.  For these reasons, the Court should grant Mr. Ramirez's pre-trial motions.  At the very least, this Court should grant the First Motion so that Mr. Ramirez can present a *de minimis* defense at trial.

I.    **The Report's Analysis Of The First Motion Fails To Construe The Statute, Does Not Address Binding Supreme Court Precedent, And Misconstrues The First Motion's Purpose.**

Statutory interpretation operates under certain fundamental principles.  (Doc. 32 at 7–8.)  The primary principle is that "[s]tatutory interpretation starts, and ideally ends, with the text." *Fuerst v. Hous. Auth. of City of Atlanta, Ga.*, 38 F.4th 860, 869 (11th Cir. 2022) (citation omitted).  Another fundamental principle is that, while words are normally interpreted in accordance with their ordinary meaning, (Doc. 32 at 7), legal terms of art are interpreted in accordance with legal tradition accumulated from other legal sources like the common law.  (Doc. 32 at 8); *Morissette v. United States*, 342 U.S. 246, 263

(1952); *Sekhar v. United States*, 570 U.S. 729, 733 (2013) (quoting Felix Frankfurter, Some Reflections on the Reading of Statutes, 47 Colum. L. Rev. 527, 537 (1947)).

Applying these principles, the First Motion argues that Section 844(i) incorporates the *de minimis* rule.  (Doc. 32 at 7–19.)  Section 844(i) applies to someone who "maliciously damages . . . by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce."  18 U.S.C. § 844(i).  Under either a term-of-art construction or a plain-meaning construction, the undefined term "damages" incorporates the *de minimis* rule.

"Damage" is a term of art that means "legally cognizable harm" in cases where using a dictionary definition would "explod[e]" liability "beyond what any legal system in the world allows.  (Doc. 32 at 8–9); *Zicherman v. Korean Air Lines Co.*, 516 U.S. 217, 222–24 (1996) (Scalia, J.).  A harm that is *de minimis* "cannot . . . warrant legal cognizance."  *Teague v. Alexan*der, 662 F.2d 79, 82 (D.C. Cir. 1981).

The plain meaning of "damages" also supports Mr. Ramirez's argument because it means "[t]o do or cause damage to," or, stated differently, "to injure (a thing) so as to lessen or destroy its value." (Doc. 32 at 9–10); *Damage (verb)*, Oxford English Dictionary Online (Oxford Univ. Press), https://www.oed.com/dictionary/damage_v.  Minor harm that does not lessen the value or usefulness of property is, therefore, not "damage."  The Eleventh Circuit has used this same definition repeatedly.  *See Landmark Am. Ins. Co. v. Moulton Properties, Inc.*, 440 F. App'x 788, 792 (11th Cir. 2011); *SA Palm Beach, LLC v. Certain Underwriters at Lloyd's Londo*n, 32 F.4th 1347, 1360 n.7 (11th Cir. 2022).

Even if Section 844(i) does not affirmatively incorporate the *de minimis* rule, the Supreme Court has held that the *de minimis* rule "is part of the established background

3

of legal principles *against which all enactments are adopted, and which all enactments (absent contrary indication) are deemed to accept*." *Wisc. Dep't of Rev. v. William Wrigley, Jr., Co.*, 505 U.S. 214, 231 (1992). (emphasis added*); see also Biden v. Nebraska*, 143 S. Ct. 2355, 2378 (2023) (Barrett, J., concurring).  Congress knows how to draft federal criminal statutes beyond the scope of the *de minimis* rule.  (Doc. 32 at 12–13.)  Yet it did not draft Section 844(i) in a manner similar to those other statutes.  (*Id.*)

To the extent Section 844(i) may be ambiguous, Mr. Ramirez's reading of the statute is the best one.  (Doc. 32 at 13–17.)  Courts may "refer to basic principles of federalism embodied in the Constitution to resolve ambiguity in a federal statute."  *Bond v. United States*, 572 U.S. 844, 859 (2014).  "Unless Congress conveys its purpose clearly, it will not be deemed to have significantly changed the federal-state balance in the prosecution of crimes."  *Jones v. United States*, 529 U.S. 848, 850 (2000) (citing *United States v. Bass*, 404 U.S. 336, 349 (1971)).  The Supreme Court already has interpreted Section 844(i) narrowly in *Jones* because arson is a "paradigmatic common-law state crime," and construing Section 844(i) too broadly would violate the Commerce Clause and basic principles of federalism.  *Id.* at 858–59 ("[Section] 844(i) is not soundly read to make virtually every arson in the country a federal offense.").  Mr. Ramirez's construction is further supported by Section 844(i)'s legislative history as an anti-terrorism statute (Doc. 32 at 15–16), and the fact that a *de minimis* rule applied to the common-law offense of arson (*id.* at 16–17).  If any ambiguity remains after consulting these sources, Mr. Ramirez prevails under the well-established rule of lenity.  (*Id.* at 17–19.)

The Report does not address these things.  Instead, the Report reasons that the First Motion should be denied based on one sentence of *dicta* from an introductory

4

paragraph in *United States v. Mock,* 523 F.3d 1299 (11th Cir. 2008).  (Doc. 40 at 3.) Neither party cited *Mock* in the briefing because it does not discuss statutory construction or the *de minimis* rule—there is no indication that any such issue was ever presented in *Mock*.  But the introduction to *Mock* contains this sentence: "While most of the fires were rather small and caused only *de minimis* damage, two of the fires blazed out of control, causing substantial damage."  523 F.3d at 1301.  Relying on this one sentence of introductory *dicta*, the Report concludes that *Mock* is "the most pertinent opinion from the Eleventh Circuit," even though the Report recognizes that "*Mock* arguably may not be controlling."  (Doc. 40 at 2, 3.)  The Report does not go into any statutory construction. There is no textual analysis; no discussion of Supreme Court precedent (even of *Jones,* which construes the same statute); no review of legislative history; no scrutiny of the common law of arson; and no examination of the rule of lenity**.**

The only other portion of the Report addressing the First Motion is a conclusory sentence stating that "the only reason to decide this issue now would be to rule on the motion to dismiss the indictment brought in the alternative." (Doc. 40 at 4.)  As explained above, the First Motion must be decided regardless of whether the Court grants the Second Motion.  Recognizing a *de minimis* defense will impact the discovery that Mr. Ramirez seeks, the exhibits he prepares, and the witnesses he calls.  That is why Mr. Ramirez made two separate motions and argued that the Court should at least decide the First Motion.  (Doc. 32 at 23.)  In any event, the Court cannot disregard the First Motion without good cause.  Fed. R. Crim. P. 12(d).  No good cause exists to decline to address the pure question of law presented by Mr. Ramirez, especially if he is denied an important defense that could be presented to a jury.

II.    **The Report's Analysis of the Second Motion Overlooks The Procedural Basis Of The Motion And Does Not Address The Parties' Joint Stipulation Or Supreme Court Precedent.**

The Report mischaracterizes the Second Motion as a motion to dismiss for "failure to state an on offense" and reasons that the Indictment cannot be dismissed because it sufficiently states the offense of federal arson.  (Doc. 40 at 4–5.)  The Report also fails to address the parties' Joint Stipulation and the fact that the Supreme Court has entertained cases where an indictment was dismissed based on a similar stipulation.

Mr. Ramirez specifically argued that the *de minimis* rule is a **defense** under Rule 12(b)(1), not that the Indictment should be dismissed for failure to state an offense under Rule 12(b)(3)(B)(v).  The Supreme Court has held that defenses may be resolved by motion "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense."  (Doc. 32 at 19); *United States v. Covington*, 395 U.S. 57, 60 (1969).  As then-Judge Gorsuch explained, motions under Rule 12(b)(1) can be decided pre-trial based on facts outside of the indictment where "[1] the operative facts are undisputed and [2] the government fails to object to the district court's consideration of those undisputed facts, and [3] the district court can determine from them that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt."  (Doc. 32 at 4); *United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010) (Gorsuch, J.) (quoting *United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir.1994)) (internal quotations omitted).

Moreover, both the Supreme Court and this Court have agreed that stipulated facts are relevant to a Rule 12(b)(1) motion.[2]  *See Serfass v. United States*, 420 U.S. 377,

---

[2] Footnote 1 in *Serfass* states, "The District Court concluded that petitioner's defense was properly raised by motion before trial and that although petitioner had not waived his right

379–81 (1975) (deciding a case where an indictment was dismissed on extraneous stipulated facts and holding that an appeal of the dismissal by the Government does not implicate the Double Jeopardy Clause); *United States v. Harkness*, 2007 WL 865855, at *2 (M.D. Fla. Mar. 21, 2007) (holding that it is "**permissible and even desirable** in certain circumstances for the Court ***to examine the factual predicate of an indictment***, particularly where material facts are undisputed, in order for the Court to ascertain whether the elements of the criminal charge can be shown." (emphasis added)).

Here, for purposes of the pretrial motions, the Government stipulated to photographs of the alleged damage. (Doc. 31.) As in *Serfass,* the Court can rely on these stipulated materials to dismiss the Indictment. Alternatively, the Court should order an evidentiary hearing on the maximum extent of alleged damages. (Doc. 32 at 20.)

The Report does not address *Serfass*, *Harkness*, or the joint stipulation. Instead, it mislabels the Second Motion as traveling under Rule 12(b)(3)(B)(v). Based on this incorrect label, the Report reasons that dismissal is unwarranted. (Doc. 40 at 5.) This conclusion is incorrect. At a minimum, Mr. Ramirez should receive an evidentiary hearing. And even if the Report overrules Mr. Ramirez's objection on the Second Motion, the pure question of law in the First Motion must be decided anyway. The motions were made separately because Mr. Ramirez intends to present a *de minimis* defense to the jury even if the Court does not opt to dismiss the Indictment right away. He cannot adequately prepare for trial without the clarity of a pretrial ruling on the First Motion.

---

to trial by jury, his defense was properly to be determined by the court." 420 U.S. at 381 n.1. This Court must follow the Supreme Court's guidance on procedural rules over the Eleventh Circuit. *See United States v. Tsarnaev*, 595 U.S. 302, 316 (2022).

The Report also incorrectly concludes that the allegations in the Indictment "implicitly include the allegation that Ramirez caused more than *de minimis* damage." (Doc. 40 at 5.)  The Report cites no law for the proposition that the Court can rely on "implicit allegations" to save an indictment, particularly here, where the Government: (1) does not agree that the *de minimis* rule applies at all; and (2) has entered into an ***explicit*** stipulation concerning the scope of the alleged damages.

### III.     The Government's Other Arguments Are Also Unavailing.

Although the Report did not tackle the Government's other arguments, none of them provide an alternative basis to deny Mr. Ramirez's motions.  The Report's only reference to these arguments is footnote 1, which rejects the proposition that "damage" is not an element of Section 844(i).  Mr. Ramriez agrees with footnote 1.  (Doc. 40 at 3, n.1.)  The Government's other arguments are similarly unavailing.

The Government's analysis begins with a primer on the *de minimis* rule that makes numerous self-contradictory claims based on quotes from law review articles.[3] (Doc. 35 at 8–10.)  Nowhere in its response does the Government cite the relevant, binding Supreme Court precedent.  The Supreme Court has already held that the *de minimis* rule is "part of the established background of legal principles ***against which all enactments are adopted, and which all enactments (absent contrary indication) are deemed to accept*.**" *Wisc. Dep't of Revenue*, 505 U.S. at 231 (emphasis added).  Indeed, the Supreme Court has performed a *de minimis* analysis when government parties have

---

[3] First, the Government states that the *de minimis* rule operates on "civil claim[s]." (*Id.* at 8.)  Then it concedes that the *de minimis* rule is used in criminal cases, initially claiming that it is "increas[ing]" in certain areas of criminal law, but also that the rule is used with "rarity . . . in the context of criminal prosecutions." (*Id.* at 9.)  The Government then claims that the *de minimis* rule "operates in courts of law only in cases where no right other than to recover money is involved." (*Id.* at 9.)

raised the rule in criminal cases.  (Doc. 32 at 11); *Alabama v. Bozeman*, 533 U.S. 146, 153 (2001).  So there is no need to deliberate what areas of law or types of statutes the *de minimis* rule applies to.  The rule is presumed to apply to *all* statutes.

The Government also tries to limit the *de minimis* rule by citing superseded *dicta* from *Hessel v. O'Hearn*, 977 F.2d 299 (7th Cir. 1992).  (Doc. 35 at 11.)  *Hessell* involved a meritorious claim under 42 U.S.C. § 1983 against a police officer who stole a can of soda while executing a search warrant.  977 F.2d at 304.  Meritorious constitutional claims under Section 1983 are unique.  Such claims are never *de minimis* because plaintiffs can always recover nominal damages.  *See Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988) (explaining that "[a] violation of constitutional rights is never *de minimis*" in a Section 1983 case because "a party who proves a violation of his constitutional rights is entitled to nominal damages even when there is no actual injury"); *see also Pesci v. Beloff*, 2017 WL 11475269, at *12 (M.D. Fla. Dec. 14, 2017) (same), *adopted*, 2018 WL 10140156 (M.D. Fla. Jan. 19, 2018).  That is the holding of *Hessell* and nothing more.  977 F.2d at 304. *Hessel*'s remaining discussion about the *de minimis* rule is unsupported *dicta*.

To the extent *Hessel*'s discussion of the *de minimis* rule was not *dicta*, the Supreme Court superseded that discussion in 2021 when it held that constitutional claims under Section 1983 may be brought **solely** on the basis of nominal damages.  *Uzuegbunam v. Preczewski*, 592 U.S. 279, 293 (2021).  As *Uzuegbunam* explains, the common law recognized the availability of nominal damages when there was a violation of "important" intangible rights, like constitutional rights.  *Id.* at 288.  *Hessel* involved such rights under the Fourth Amendment.  977 F.2d at 302.  Thus, *Uzuegbunam* confirms *Lewis* and supersedes *Hessel*'s analysis of the *de minimis* rule.

Additionally, *Hessel* was argued nine days before *Wisconsin Department of Revenue* was decided— on June 10, 1992—so the Seventh Circuit clearly did not have the benefit of that case. *Wisconsin Department of Revenue* says nothing about "readily determinable" losses, and more recent cases apply the de *minimis* rule to definite losses. *See Nagy v. FMC Butner*, 376 F.3d 252, 257 (4th Cir. 2004) (applying *de minimis* rule to the loss of a $25 sweatsuit in Prisoner Litigation Reform Act case); *Deutsch v. United States*, 1995 WL 136959, at *1 (E.D. Pa. Mar. 29, 1995) (dismissing inmate's claim for $4.20 as *de minimis*), *aff'd on other grounds*, 67 F.3d 1080 (3d Cir. 1995).

*       *       *

The Court should grant Mr. Ramirez's pretrial motions or, at a minimum, grant the First Motion. Mr. Ramirez also underscores his request for oral argument. (Doc. 33.)

Dated: January 22, 2025              Respectfully submitted,

A. Fitzgerald Hall, Esq.
Federal Defender, MDFL

*/s/Vitaliy Kats, Esq.*
Vitaliy Kats, Esq. (FBN 0118748)
Assistant Federal Defender
201 South Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
vitaliy_kats@fd.org

**CERTIFICATE OF SERVICE**

I certify that on January 22, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/Vitaliy Kats, Esq.*
Vitaliy Kats, Esq.