**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

VS.                                        CASE NO: 6:24-cr-231-WWB-RMN

GIOVANNI ISAI RAMIREZ REYES
_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motion for Pretrial Determination of Question of Law and, Separately, Motion to Dismiss Indictment (Doc. 32). United States Magistrate Judge Robert M. Norway issued a Report and Recommendation ("**R&R**," Doc. 40), in which he recommends that Defendants' Motion be denied. Defendant filed Objections (Doc. 41), and the Government filed a Response to Report and Recommendation (Doc. 42), which the Court will also construe as a limited objection.

**I.    BACKGROUND**

On February 24, 2024, Defendant, Giovanni Isai Ramirez Reyes, attended an Orlando City soccer match at the Inter&Co Stadium. (Doc. 32 at 2, 5). For the purposes of his Motion, Defendant stipulates that he lit and threw two flares into Section 23 of the stadium during the match. (*Id.* at 5). The flares allegedly resulted in damage to the aluminum bleachers and concrete floor slabs in the area and also resulted in burns to a four-year-old fan. (*Id.* at 2–3, 7 n.5; Doc. 35 at 4–6). The Government states that estimates for the alleged damage to stadium range from $2,200 to $5,000. (Doc. 35 at 5). Defendant was charged by Indictment (Doc. 1) on September 18, 2024, with one count of maliciously damaging, by means of a fire, a building or property, resulting in personal injury, in violation of 18 U.S.C. § 844(i).

## II.     LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990).  The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)).  The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

## III.     DISCUSSION

In his Motion, Defendant argues that the Court should hold, as a matter of law, that § 844(i) incorporates a *de minimis* defense and, assuming the Court so finds, that the Indictment should be dismissed under such a defense in this case.  In the R&R, Magistrate Judge Norway recommends that Defendant's Motion be denied because the Eleventh Circuit has at least indicated that a conviction under § 844(i) may be based on only *de minimis* damage.  Alternatively, he recommends holding that any pretrial determination of the viability of such a defense is unnecessary because, even if the concept of *de minimis* applies, the Indictment is legally sufficient under Federal Rule of Criminal Procedure 12(b).  Defendant objects to both recommendations.

First, Defendant objects to Magistrate Judge Norway's finding that the only reason to decide the viability of a *de minimis* defense at this juncture would be to support a request for dismissal. Specifically, Defendant argues that a ruling on the availability of a *de minimis* defense will impact the scope of discovery as well as his trial strategy and, therefore, should be decided pursuant to Federal Rule of Criminal Procedure 12(b) and (d), regardless of the existence of his alternative request for dismissal of the Indictment.

Pursuant to Rule 12(b)(1), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Such motions are generally proper to resolve questions of law. *See United States v. Korn*, 557 F.2d 1089, 1090–91 (5th Cir. 1977); *see also United States v. Covington*, 395 U.S. 57, 60 (1969) ("A defense is thus capable of determination if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." (quotation omitted)). "The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling." Fed. R. Crim. P. 12(d). The Eleventh Circuit has "stated that 'good cause for deferral exists only if facts at trial will be relevant to the court's decision, but a district court must rule on any issue entirely segregable from the evidence to be presented at trial.'" *United States v. Dorvilus*, 357 F. App'x 239, 245 (11th Cir. 2009) (quoting *United States v. Adkinson*, 135 F.3d 1363, 1369 n.11 (11th Cir. 1998)).

Here, the first question presented by Defendant is a pure question of law regarding the proper construction of the statute under which he is charged. Furthermore, simply because the question of dismissal could possibly be resolved without construing the statute, that does not render the question without legal consequence. As Defendant notes

in his Objections, even if the Indictment is not subject to dismissal, the viability of a *de minimis* defense will impact how Defendant can or will proceed in defending this case before and during trial. Therefore, the Court agrees with Defendant that the question can and should be decided at this juncture. To the extent the R&R states otherwise, this Court disagrees.

Second, Defendant argues that the Magistrate Judge's reliance on the statement of facts in *United States v. Mock*, 523 F.3d 1299 (11th Cir. 2008) for the proposition that § 844(i) does not permit a *de minimis* defense without any further legal analysis of the arguments presented was erroneous. In *Mock*, the Eleventh Circuit provided the following information regarding the defendant's federal arson convictions: "Mock was convicted of setting fires in the stairwells of fourteen apartment buildings. . . . While most of the fires were rather small and caused only *de minimis* damage, two of the fires blazed out of control, causing substantial damage." *Id.* at 1301. There is no further discussion of *de minimis* damage in the opinion and it does not appear that the question of whether such damage was sufficient to sustain a conviction under the federal arson statute was presented to or considered by the *Mock* court. *See generally id.* Thus, the Court agrees that the *Mock* opinion far from answers the question presented by Defendant in this case. At best, the case lends minimal support to the Government's position. Therefore, the Court will sustain the objection and consider the parties' statutory interpretation arguments.[1]

---

[1] The Government argues that the Court need not address the question of statutory interpretation because the estimated monetary damages—between $2,200 and $5,000—are more than *de minimis*. However, as the Government states, Defendant has not stipulated to a specific dollar amount of damages or repair costs in his Motion, only to the appearance of the damage to the stadium. (Doc. 32 at 6; Doc. 35 at 11–12). Thus, the

As relevant to Defendant's Motion, § 844(i) provides that "[w]hoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be" subject to a term of imprisonment.  The term "damages" is not defined by the statute.  Defendant argues, however, that it should be read as a term of art to mean legally cognizable harm. "When statutory terms are undefined, [courts] typically infer that Congress intended them to have their common and ordinary meaning, unless it is apparent from context that the disputed term is a term of art."  *Garcia v. Vanguard Car Rental USA, Inc.*, 540 F.3d 1242, 1246 (11th Cir. 2008).  Thus, Defendant must first establish that it is apparent from context that Congress intended the word damages in § 844(i) as a term of art.

In support of this argument, Defendant directs the Court to a handful of civil cases interpreting the word "damage" to mean "legally cognizable harm," i.e., more than *de minimis* harm.  *See Zicherman v. Korean Air Lines Co.*, 516 U.S. 217, 221–22 (1996); *Wis. Dep't of Rev. v. William Wrigley, Jr., Co.*, 505 U.S. 214, 231 (1992).  As the Government points out, however, Defendant has not directed the Court to any cases interpreting federal criminal laws in this manner, nor has this Court located such authority. *See New Jersey v. Bazin*, 912 F. Supp. 106, 113 (D.N.J. 1995); *United States v. Alvarez*, 27 C.M.R. 98, 100 (C.M.A. 1958); *see also Dunn v. United States*, 976 A.2d 217, 223 (D.C. 2009) ("Some jurisdictions have recognized *de minimis*-type defenses, but they have done so through legislation, not judicial decree."); *Defense of Inconsequential or De*

---

question of the monetary value of such damages is not stipulated for the purposes of resolving Defendant's Motion and remains a question of fact.  Accordingly, the Court will only address the question of law presented in Defendant's Motion.

*Minimis Violation in Criminal Law*, 68 A.L.R. 5th 299 (1999) (noting that "[h]istorically, the maxim was applied only to civil matters").

Nor has Defendant pointed the Court to any contextual indications, either within the statute or otherwise, that would make it apparent that Congress intended damages to act as a legal term of art. To the contrary, taken in context, the existence of such a defense would seem implausible because the statute also criminalizes attempts. Thus, as the Government argues, a person could be held criminally liable if he attempts, but is unsuccessful, in causing damage but, had he successfully caused only minor damage, could be absolved of liability.[2] This result would seem incongruous.

To the extent Defendant argues that Congress's failure to include the word any before damages, to set forth the dollar amounts covered, or to punish the act as opposed to the resultant damage is a clear indication that Congress intended the *de minimis* rule to apply, the Court is not persuaded. While Defendant directs the Court to two criminal statutes that use wording that limits or clarifies the scope of the conduct punished, other uses of the term "damages" in Title 18 include modifiers such as "seriously damages," or "substantial damage," which would be unnecessary if Congress intended the word

___

[2] The Court rejects the recommendation that the statute always requires proof of damage. As an initial matter, "[a] defendant may be found guilty of . . . an attempt to commit the offense charged" even when it is not charged in the indictment. *See* Fed. R. Crim. P. 31(c)(2); *see also Littleton v. Carter*, No. 3:14-cv-371, 2016 WL 7972059, at *15 (N.D. Ala. Nov. 28, 2016) ("[I]t is well established under federal law that an indictment charging a completed offense will also support a conviction for attempting to commit the same crime."), *report and recommendation adopted*, 2017 WL 283257 (N.D. Ala. Jan. 23, 2017). To the extent the R&R implies otherwise, the Court disagrees. Furthermore, the R&R appears to misconstrue the Government's argument. The Government is not arguing that it is not required to prove that damage occurred, merely that it would be an absurd result that an individual that intended, but failed, to cause damage could be convicted while someone that caused only minimal damage could not. In this regard, the Court agrees.

6

"damages" to automatically exclude minor or inconsequential damage.  *See, e.g.*, 18 U.S.C. §§ 1366(a)–(b), 2196, 2280(a); 2282B, 2332i(a); *see also* 18 U.S.C. § 43 (using "damaging" and "intentionally damages" without modification to penalize all conduct as made clear by the penalties provision); 18 U.S.C. § 247 (same).  Accordingly, looking to other uses of the term "damages" within Title 18, the Court does not find the necessary context to make it apparent that Congress intended to use the word damages as a word of art in all federal criminal laws.

Finally, to the extent Defendant argues that the Supreme Court's statement that "the venerable maxim *de minimis non curat lex* ("the law cares not for trifles") is part of the established background of legal principles against which all enactments are adopted, and which all enactments (absent contrary indication) are deemed to accept," *Wisconsin Department of Revenue* provides sufficient "context," the Court is not persuaded.  505 U.S. at 231.  That statement was made in resolving a civil case involving income tax statutes, not the interpretation of federal criminal statutes.  Furthermore, the cases cited to support this proposition are also all civil cases.  *See id.*  Defendant has not directed the Court to persuasive legal authority that the Supreme Court would interpret all federal criminal statutes to likewise require a showing of more than *de minimis* harm absent contrary indication.  Therefore, the Court is not convinced that in enacting § 844(i) Congress intended to use damages as a term of art or that such an intention is apparent, and the Court finds that the common and ordinary meaning of damages applies in § 844(i).

Defendant argues that even under the plain meaning, however, the *de minimis* defense survives.  In support, Defendant directs the Court to a number of dictionary

definitions for damage that incorporate an element of diminution in value or usefulness, which Defendant argues support a finding that the term excludes minor cosmetic injuries to property that do not result in loss to value or usefulness.   (Doc. 32 at 9–10). Nevertheless, Defendant acknowledges that numerous other sources provide broader definitions not including such a limitation.   (*Id.* at 10 n.10); *see also Damage*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/damage ("[L]oss or harm resulting from injury to person, property, or reputation."); *Damage*, Cambridge Dictionary, https://dictionary.cambridge.org/us/dictionary/english/damage ("[T]o harm or spoil something."); *Damage*, Oxford Learners Dictionary, https://www.oxfordlearnersdictionaries.com/us/definition/english/damage_1 ("[P]hysical harm caused to something which makes it less attractive, useful or valuable."); *Damage*, The Britannica Dictionary, https://www.britannica.com/dictionary/damage ("[P]hysical harm that is done to something or to someone's body.").   Defendant argues that "principles of federalism, legislative history, the common law of arson, and the rule of lenity" favor adopting the more limited definition.   (Doc. 32 at 10 n.10).   But regardless of which definition applies to the statute, this argument by Defendant is misplaced.   To be clear, if the statute is interpreted to mean that § 844(i) requires damages that impair the value or usefulness of the property, then Defendant can argue that his actions did not result in damage within the meaning of the statute.   This is distinct from a finding that a *de minimis* defense applies, whereby Defendant would admit that damage occurred, but argue that it was of so little legal significance that it could not support a conviction under the statute.   One is a defense to an element of the crime, while the other is more akin to an affirmative defense.   Because Defendant has only asked the Court to determine if a

*de minimis* defense applies, the Court need not reach the question of what common definition applies and the Court declines to do so at this juncture. Therefore, Defendant's first request for a pretrial determination that the *de minimis* defense applies in this case will be denied.

Turning to the request for dismissal pursuant to Federal Rule of Criminal Procedure 12(b), because Defendant's argument rests on a finding that the *de minimis* defense applies, which the Court has determined it is does not, Defendant's second request will also be denied.

IV.    **CONCLUSION**

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Objections (Doc. 41) are **SUSTAINED in part** as set forth here in and **OVERRULED** in all other respects.

2. The Government's Response to Report and Recommendation (Doc. 42), construed as an objection, is **SUSTAINED**.

3. The Report and Recommendation (Doc. 40) is **REJECTED**.

4. Defendant's Motion for Pretrial Determination of Question of Law and, Separately, Motion to Dismiss Indictment (Doc. 32) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on April 7, 2024.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record