UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                              CASE NO: 6:24-cr-231-WWB-RMN

GIOVANNI ISAI RAMIREZ REYES
                                        /

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion for Pretrial Determination (Doc. 75), the United States's Response in Opposition (Doc. 81), and Defendant's Reply (Doc. 85). Defendant's Notice of Request for Oral Argument (Doc. 76) is also before the Court. For the reasons set forth below, Defendant's Request for Oral Argument will be denied, and Defendant's Motion will be granted in part as set forth herein.

**I.     BACKGROUND**

Defendant Giovani Isai Ramirez Reyes attended a soccer match at Inter&Co Stadium in Orlando, Florida on February 24, 2024. (Doc. 35 at 1; Doc. 75 at 2; Doc. 81 at 1). During the match, two flares were ignited and thrown inside of the stadium. (Doc. 75 at 2; Doc. 81 at 1–2). The flares allegedly burned a four-year-old fan and caused damage to aluminum bleachers and concrete floors in stadium section twenty-three. (Doc. 81 at 2). The Government states that estimates for the alleged damage to the stadium range from $2,200 to $5,000. (Doc. 35 at 5; Doc. 81 at 2). Defendant was charged by Indictment (Doc. 1) on September 18, 2024, with one count of maliciously damaging, by means of a fire, a building or property, resulting in personal injury, in violation of 18 U.S.C. § 844(i).

**II.    LEGAL STANDARD**

Pursuant to Federal Rule of Criminal Procedure 12(b)(1), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Such motions are generally proper to resolve questions of law. *See United States v. Korn*, 557 F.2d 1089, 1090 (5th Cir. 1977);[1] *United States v. Covington*, 395 U.S. 57, 60 (1969) ("A defense is thus capable of determination if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.") (quotation omitted). "The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling." Fed. R. Crim. P. 12(d). The Eleventh Circuit has "stated that 'good cause for deferral exists only if facts at trial will be relevant to the court's decision, but a district court *must rule* on any issue entirely segregable from the evidence to be presented at trial.'" *United States v. Dorvilus*, 357 F. App'x 239, 245 (11th Cir. 2009) (quoting *United States v. Adkinson*, 135 F.3d 1363, 1369 n.11 (11th Cir. 1998)).

### III.  DISCUSSION

Under 18 U.S.C. § 844(i), anyone who "maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce . . . shall be imprisoned for not less than 7 years and not more than 40 years." Defendant moves for a pretrial determination of the meaning of "damages" as it is used in section 844(i). He argues primarily that the verb "damages" means "to cause harm that lowers value or impairs usefulness," and,

---

[1] Decisions of the former United States Court of Appeals for the Fifth Circuit, rendered prior to October 1, 1981, are binding precedent on this Court. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1210–11 (11th Cir. 1981).

alternatively, that any ambiguity in the meaning of "damages" should be resolved in his favor.

At the outset, the Government argues that the Court should defer addressing this matter because the issue presented is not entirely segregable from fact evidence it intends to introduce at trial. The Court disagrees. "Questions of statutory interpretation are pure questions of law." *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 933 (11th Cir. 2000). Factual determinations are both segregable from the inquiry presented here and unnecessary to its resolution. The Court will therefore address Defendant's Motion.

"Damages" goes undefined in section 844(i). When a statutory term is undefined, courts generally give it its ordinary meaning. *E.g.*, *United States v. Santos*, 553 U.S. 507, 511 (2008). And while the *noun* damages carries a specialized legal meaning in certain contexts, the Court has already concluded that Congress did not use the *verb* damages as a legal term of art in section 844(i). (Doc. 52 at 6–7).

Defendant offers a number of dictionary definitions and civil cases that support his preferred interpretation of "damages." (Doc. 75 at 6, 7 n.7). The Government argues for a "[m]ore [e]xpansive" construction—"loss or physical harm" to property—and offers its own citations to dictionaries. (Doc. 81 at 7–9). But given that "harm" simply means "[p]hysical . . . *damage* or injury,"[2] the Court need not split hairs. Defendant offers a more precise definition; the Government offers a more circular definition. While they are similar,

---

[2] *Harm*, American Heritage Dictionary of the English Language, https://ahdictionary.com/word/search.html?q=harm (emphasis added); *see also harm*, The Oxford English Dictionary, https://www.oed.com/dictionary/harm_v?tab=meaning_and_use#2076481 ("To do harm (to); to injure (physically or otherwise); to hurt, damage.").

3

Defendant's "definition[ is] superior because [it is] fuller and more explanatory." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 417 (2012). The bulk of "useful and authoritative" dictionaries agree. *Id.* at 419; *see also id.* at 423 (enumerating reputable dictionaries); *damage*, The American Heritage Dictionary of the English Language, https://ahdictionary.com/word/search.html?q=damage ("Destruction or a loss in value, usefulness, or ability."); *damage*, The Oxford English Dictionary, https://www.oed.com/dictionary/damage_v?tab=meaning_and_use#7406618 ("To do or cause damage to; to hurt, harm, injure; now commonly to injure (a thing) so as to lessen or destroy its value."); *damage*, Webster's New World College Dictionary (2014), available at https://archive.org/details/webstersnewworld0000unse_k1f4/page/372/mode/2up ("injury or harm to a person or thing, resulting in a loss in soundness or value"); *damage*, New Oxford American Dictionary (3d ed. 2010), https://www.oxfordreference.com/display/10.1093/acref/9780195392883.001.0001/m_en_us1238221?rskey=asNcOa&result=20701 ("physical harm caused to something in such a way as to impair its value, usefulness, or normal function"). The Court therefore agrees with Defendant that the ordinary meaning of "damage" is to cause "destruction or a loss in value, usefulness, or ability." This meaning has endured since section 844(i) became law.[3] And the Government's iterative alternative nonetheless embraces this

---

[3] Section 844(i) has prohibited "damag[ing]" or "attempt[ing] to "damage" covered properties since its inception in 1970. *See* Pub. L. No. 91–452, Title XI, §1102(a), 84 Stat. 922, 958 (1970). Damage has not since shifted in meaning. *See, e.g.*, *damage*, The American Heritage Dictionary of the English Language (1969), available at https://archive.org/details/americanheritage1986morr/page/332/mode/2up ("Impairment of the usefulness or value of person or property; loss; harm."); *damage*, The Oxford English Dictionary (1989), https://www.oed.com/oedv2/00057264?tl=true ("To do or cause damage to; to hurt, harm, injure; now commonly to injure (a thing) so as to lessen or destroy its value."); *damage*, Webster's New World College Dictionary (3d ed. 1996),

4

construction (albeit less precisely) since "damage," "harm," and "injure" are synonymous. *See Med. Marijuana, Inc. v. Horn*, 145 S. Ct. 931, 938 (2025) ("The ordinary meaning of 'injure' is to 'cause harm or damage to' or to 'hurt.' . . . In case after case, we have used the words 'injury,' 'harm,' and other terms connoting loss interchangeably."). In other words, where there is positively no loss in value or usefulness to a property, there is no injury to that property, and thus no harm.

The Court, however, disagrees with Defendant to the extent he argues that cosmetic harm falls outside of this definition as a matter of law. Indeed, and as the Government points out, *United States v. Strong*—the only criminal case cited by Defendant in direct support of his construction—confirms that cosmetic harm can "damage" property. Crim. No. 2:11-PO-2, 2011 WL 4072856 (D. Me. Sept. 12, 2011), *aff'd*, 724 F.3d 51 (1st Cir. 2013). There, the district court refused to dismiss one count of willfully damaging federal property after the defendant smeared feces in the restroom of a federal courthouse. *Id.* at *1. Despite defining "damage" as "injury or harm that reduces value or usefulness," the court found that the Government could prove its case at trial. *Id.* at *2–3. It did, and Ronald Strong was convicted of willfully damaging federal property. 724 F.3d at 52. The First Circuit eventually affirmed his conviction. *Id.* at 60. And the Supreme Court declined to the opportunity to review. 571 U.S. 1080 (2013).

---

available at https://archive.org/details/webstersnewworld0000unse_z5j9/page/348/mode/2up ("injury or harm to a person or thing, resulting in a loss in soundness or value").

The Government argues that a definition of "damages" contemplating lost value or usefulness is ill-suited for criminal law and would lead to absurd results. But it is hard to square these arguments with its reliance on *Strong*. The Government correctly notes that embracing an overly narrow definition of "damages" would impede what is meant to be a "fact-specific" application of the term. (Doc. 81 at 11). That did not happen in *Strong* and it need not happen here. In fact, an inquiry focused on loss of value or usefulness may be more forgiving than the Government's proposed alternative. Consider an insurance policy embracing the Government's definition of "damage" and covering only "physical harm" to tangible property. Likely, that policy would cover neither the loss of use nor the loss of value caused by the property's contamination by pollutants. *Cf. Scottsdale Ins. Co. v. Pursley*, 487 F. App'x 508, 511 (11th Cir. 2012); *LaBauve v. Olin Corp.*, 231 F.R.D. 632, 651 (S.D. Ala. 2005). A policy covering the "destruction or loss in value, usefulness, or ability" of a tangible property surely would.

Having concluded that the ordinary meaning of "damages" in section 844(i) is readily ascertainable, the Court will not review Defendant's ambiguity-based arguments. *See Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1161 (11th Cir. 2021) ("As in any case of statutory construction, our analysis begins with the language of the statute. And where the statutory language provides a clear answer, it ends there as well." (quotation omitted)). Defendant's Request for Oral Argument will be denied for the same.

IV.   **CONCLUSION**

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion for Pretrial Determination (Doc. 75) is **GRANTED in part** as set forth herein.

6

2. Defendant's Notice of Request for Oral Argument (Doc. 76) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 11, 2025.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record